IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

BRUCE W. RAMSEY,

    Plaintiff,

v.                                                            Civil Action No. 1:04CV68
                                                                                 (STAMP)
JO ANNE B. BARNHART,
Commissioner of Social
Security Administration,

    Defendant.

**<u>MEMORANDUM OPINION AND ORDER
ACCEPTING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE</u>**

I.  <u>Background</u>

The plaintiff, Bruce W. Ramsey ("Ramsey"), filed the above-styled action on April 14, 2004 seeking judicial review of an adverse decision by the defendant, Commissioner of Social Security Administration, pursuant to 42 U.S.C. § 405(g). The case was referred to United States Magistrate Judge John S. Kaull for submission of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B). The defendant filed an answer to the plaintiff's complaint on July 23, 2004, and a motion for summary judgment on October 1, 2004. On September 3, 2004, the plaintiff filed a motion for summary judgment. On November 29, 2004, the plaintiff's action was transferred to the undersigned judge and referred to United States Magistrate Judge James E. Seibert on December 1, 2004.

Magistrate Judge Seibert considered the defendant's motion for summary judgment and submitted a report and recommendation. In his report, he made the following findings: (1) the Administrative Law Judge ("ALJ") properly assessed the plaintiff's Residual Functional Capacity ("RFC"); and (2) the ALJ was substantially justified in his decision.

Upon submitting this report, Magistrate Judge Seibert informed the parties that, if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written objections within ten days after being served with a copy of the report. On May 10, 2005, the plaintiff filed objections to the magistrate judge's report and recommendation requesting this Court to reverse the Commissioner's decision or, in the alternative, remand the claim for further administrative proceedings.

Specifically, the plaintiff objects to the magistrate judge's finding that certain visual examinations were based on subjective testimony and therefore not completely reliable. In addition, the plaintiff objects to the finding that the record failed to show that any of the examining doctors evaluated the plaintiff for a corneal transplant. Finally, the plaintiff objects to findings regarding Ramsey's sedentary occupational base, and argues that the Commissioner failed to meet the fifth step of the sequential evaluation when completing the plaintiff's RFC.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a <u>de novo</u> review of those portions of the magistrate judge's findings to which objection is made.  However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to <u>de novo</u> review is waived.  See <u>Orpiano v. Johnson</u>, 687 F.2d 44, 47 (4th Cir. 1982); <u>Webb v. Califano</u>, 468 F. Supp. 825 (E.D. Cal. 1979).

Accordingly, this Court reviews <u>de novo</u> the magistrate judge's findings to which the plaintiff has objected.  All other findings for the magistrate judge are reviewed for clear error.

## II.  <u>Facts</u>

On July 12, 1996, the plaintiff filed for Disability Insurance Benefits ("DIB") and Social Security Income ("SSI") alleging disability since January 7, 1994.  Following a hearing on November 3, 1998 before an ALJ, the plaintiff's application was denied because the ALJ found that the plaintiff was not disabled within the meaning of the Social Security Act.  An Appeals Council remanded the plaintiff's application to the hearing level.  The plaintiff then filed a second disability claim on June 19, 2001, which was ultimately consolidated with the first claim for adjudication.  Following a September 12, 2001 hearing before an

3

ALJ, the plaintiff's claim was again denied, and the plaintiff's request for review by the Appeals Council was denied. The plaintiff then filed the present action with this Court.

### III. Legal Standards

A. Standard of Review

An ALJ's findings will be upheld if supported by substantial evidence. See Milburn Colliery Co. v. Hicks, 138 F.3d 524, 528 (4th Cir. 1998). Substantial evidence is that which a "'reasonable mind might accept as adequate to support a conclusion.'" Hayes v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990)(quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Further, the "'possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.'" See Sec'y of Labor v. Mutual Mining, Inc., 80 F.3d 110, 113 (4th Cir. 1966)(quoting Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966)).

B. Summary Judgment

Under Federal Rule of Civil Procedure 56(c), summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of

material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). "The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact." Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991), cert. denied, 502 U.S. 1095 (1992)(citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)). However, as the United States Supreme Court noted in Anderson, "Rule 56(e) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Id. at 256. "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. at 250; see also Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979)(Summary judgment "should be granted only in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law." (citing Stevens v. Howard D. Johnson Co., 181 F.2d 390, 394 (4th Cir. 1950))).

In Celotex, the Court stated that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a

showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

IV. Discussion

The plaintiff's objections are limited to the ALJ's consideration of Ramsey's visual problem and do not address findings with regard to other physical limitations. Each objection ultimately concerns the ALJ's basis for determining the plaintiff's particular RFC. For reasons stated below, this Court finds the plaintiff's objections are without merit.

The plaintiff objects to the ALJ's evaluation of certain variations in the plaintiff's eye examination that occurred over the course of several years. The plaintiff argues that the ALJ incorrectly assured differences in examination results were caused by inconsistencies in the plaintiff's self-reporting. The plaintiff contends that such inconsistencies were more likely the result of the long period over which the eye examinations were conducted and the fact that various tests were conducted by different doctors. The plaintiff argues that the ALJ, and the

magistrate judge, unfairly chose to use test result inconsistencies to attack the plaintiff's credibility.  This Court disagrees.

The ALJ merely states in his opinion that "<u>assuming</u> Snellen Chart testing and similar such chart testing and subjective reporting was used to evaluate the vision, the subjectivity interjected into the results by the claimant's self report of what he is able to view should be considered a <u>possible reason</u> for the wide variations shown." Tr. 28 (emphasis added).  Contrary to the plaintiff's contention, the statement does not constitute an "attack" of the plaintiff's credibility, but merely indicates that the ALJ would consider subjective self-reporting to be a "possible reason" for the variations.

It is true that the ALJ found the plaintiff's testimony to be not entirely credible.  However, in determining the plaintiff was not entirely credible, the ALJ cited inconsistent testimony including the plaintiff's testimony regarding his drinking habits and his testimony regarding visual complaints.  Specifically, the ALJ noted that the plaintiff indicated that he could not complete components of a psychological test due to vision, but was able to drive and watch television.  Moreover, the record indicates that the plaintiff's vision is improved by correction.[1]  This Court finds no error in the ALJ's evaluation of the plaintiff's

---

[1] Plaintiff testified that his vision did not improve with glasses.  Tr. 730-31.  Objective evidence refutes plaintiff's testimony.

7

credibility. Moreover, the ALJ's explanation of variations in the defendant's visual examinations is reasonable and supported by substantial evidence.

Next, the plaintiff argues that the magistrate judge incorrectly found that the record failed to show that Dr. Selario, Dr. Berardi or Dr. Wilkinson evaluated Ramsey for a corneal transplant. The plaintiff argues that Dr. Berardi did, in fact, recommend the plaintiff for corneal transplant in 1999. Unfortunately, the plaintiff failed to direct this Court to a particular page in the record. Nevertheless, this Court finds that the record shows Dr. Berardi believed that, in light of the plaintiff's subjective complaints, "the only alternative [to glasses] would be corneal surgery." Tr. 496. In addition, the record shows that Dr. Berardi actively solicited West Virginia University hospital "in the hope that they would accept [Ramsey] for corneal transplant." Tr. 552. Despite evidence that Dr. Berardi recommended Ramsey for a corneal transplant, both the ALJ and the magistrate judge correctly found that the record did not contain an actual evaluation for a corneal transplant. More importantly, the ALJ considered the records made by Dr. Berardi and other physicians, and appropriately weighed this evidence pursuant to the requirements of 20 C.F.R. §§ 404.1545 and 416.945. Thus, this Court accepts and adopts the magistrate judge's report and recommendation with regard to the corneal transplant issue.

Finally, this Court rejects the plaintiff's third contention that the RFC was incomplete and that the fifth step of the sequential ALJ's evaluation was not met. The Social Security Administration has promulgated regulations establishing a five-step sequential evaluation process to determine disability for purposes of DIB and SSI. See 20 C.F.R. §§ 404.1520 and 416.920. The fifth step requires the ALJ to consider "vocational factors" such as the plaintiff's age, education and past work experience to determine whether the plaintiff is capable of performing jobs existing in significant numbers in the national economy. See Barnhart v. Thomas, 540 U.S. 20, 25 (2003). Thus, the fifth step addresses whether work is available to the plaintiff despite impairments.

Here, the ALJ considered the plaintiff's ability to drive, his habit of watching as much as ten hours of television per day, the unusual variations in the plaintiff's visual examinations and his inconsistent testimony with regard to his visual ability. Moreover, the ALJ found it significant that Ramsey's eye doctors have never imposed any restrictions with regard to Ramsey's driving, which requires vision acuity of at least 20/40. This Court finds the ALJ's determination that the plaintiff's vision was impaired but adequate when aided by corrective lenses to be supported by substantial evidence. Moreover, the ALJ, with the help of a vocational expert, reasonably determined that plaintiff could perform a range of sedentary work in the national economy.

## V. Conclusion

After reviewing the magistrate judge's findings, this Court agrees that the ALJ's decision was supported by substantial evidence, that the plaintiff's objections are without merit, that the defendant's motion for summary judgment should be granted, and that the plaintiff's motion for summary judgment should be denied. This Court concludes that there are no remaining genuine issues of material fact for this Court to consider.

For the reasons stated above, this Court ACCEPTS and ADOPTS the magistrate judge's recommendation. For the reasons stated above, it is ORDERED that the summary judgment motion of the defendant be GRANTED and the plaintiff's motion for summary judgment be DENIED. It is further ORDERED that the plaintiff's alternative request to remand be DENIED and that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:   August 4, 2005

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE